IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Indictment No. _____ |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| | ) | 18 U.S.C. § 371 |
| PETER R. TURNER, | ) | (Conspiracy) |
| | ) | |
| LATANYA ANDREWS, and | ) | 18 U.S.C. § 201 |
| | ) | (Bribery) |
| THELMA LEONARD, | ) | |
| Defendants. | ) | 18 U.S.C. § 201 |
| | ) | (Bribery) |
| | ) | |

**THE GRAND JURY CHARGES THAT:**

<u>**COUNT ONE**</u>

**CONSPIRACY (18 U.S.C. § 371)**
**Defendants Peter R. Turner, LaTanya Andrews, and Thelma Leonard**

INTRODUCTION

At all times relevant to this indictment:

1.   Defendant LATANYA ANDREWS was an employee of the

Department of Veterans Affairs Medical Center (DVAMC), located in

the District of Columbia.  Defendant LATANYA ANDREWS was employed

as a Payroll Technician in the human resources office of the

DVAMC.  Defendant LATANYA ANDREWS's duties included accessing

personnel paperwork and records concerning employees of the DVAMC

kept and maintained in official personnel files located in the

human resources office of the DVAMC.

2.   Defendant PETER R. TURNER was a volunteer driver for the

DVAMC, and a personal associate of defendant ANDREWS.  Defendant

PETER R. TURNER was not authorized to access the official personnel files of DVAMC employees.

3.    Defendant THELMA LEONARD was a personal associate of defendant PETER R. TURNER.

4.    The FEGLI program is a group term life-insurance program established by the government of the United States to provide term life insurance coverage for active federal employees.    The program is operated by the Office of Personnel Management (OPM), a department and agency of the United States, located in the District of Columbia.    At all times relevant to this indictment, OPM had designated a private corporation as the insurance carrier for the FEGLI program (the "Insurance Carrier").    The employee premiums necessary to participate in the FEGLI program are paid in part by OPM and in part by the employee.    A participating employee who does not wish life insurance benefits to be paid in the order of precedence established by the FEGLI program and applicable law may instead file a Designation of Beneficiary form, known as an SF 2823, designating intended beneficiaries and the percentage of life insurance benefits to be paid to each upon the death of the employee.    Employees of the DVAMC who elected to participate in the FEGLI program were required to file any Designation of Beneficiary forms in the human resources office of the DVAMC.

5.   VM was a licensed practical nurse employed by the DVAMC. As an active employee of the federal government, VM participated in the FEGLI program.  From approximately 1998 to 2000, VM was the girlfriend of defendant PETER R. TURNER.

6.   On or about December 8, 2000, while still an active employee of the DVAMC and while insured under the FEGLI program, VM suffered a stroke and was hospitalized; shortly thereafter VM lapsed into a coma.  VM died on or about December 22, 2000.

THE CONSPIRACY

7.   From on or about December 8, 2000 through on or about January 10, 2006 and continuing in the District of Columbia and elsewhere, defendants PETER R. TURNER, LATANYA ANDREWS and THELMA LEONARD, together with others, did combine, conspire, confederate, agree, and have a tacit understanding:

a.   to knowingly and willfully defraud the United States by impairing, impeding, and defeating the lawful functions and duties of the OPM and the FEGLI program;

b.   to commit an offense against the United States, that is, to use and cause the use of the mails in furtherance and in execution of a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, in violation of Title 18, United States Code, Section 1341;

3

c.  to commit an offense against the United States, that is, to directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept a thing of value personally, that is, payment from defendant PETER R. TURNER to defendant LATANYA ANDREWS in the amount of approximately $1,000, in return for defendant LATANYA ANDREWS, being a public official, being influenced in the performance of official acts and being influenced to commit and aid in committing, and collude in, and allow, a fraud on the United States, that is, the placement of a fraudulent FEGLI Designation of Beneficiary form, known as an SF 2823, in the official personnel file of VM, in violation of Title 18, United States Code, Section 201(b)(2)(A) and (B); and

d.  to commit an offense against the United States, that is, to directly and indirectly, corruptly give, offer, and promise a thing of value, that is, payment from defendant PETER R. TURNER to defendant LATANYA ANDREWS in the amount of approximately $1,000, with intent to influence the performance of official acts and to influence defendant LATANYA ANDREWS, being a public official, to commit and aid in committing, and collude in, and allow, a fraud on the United States, that is, the placement of a fraudulent FEGLI Designation of Beneficiary form, known as an SF 2823, in the official personnel file of VM, in violation of Title 18, United States Code, Section 201(b)(1)(A) and (B).

## OBJECTS OF THE CONSPIRACY

8.   It was the object of the conspiracy for defendants PETER R. TURNER, LATANYA ANDREWS and THELMA LEONARD, together with others, to obtain money and property under false and fraudulent pretenses from the FEGLI program.  It was also an object of the conspiracy for defendant PETER R. TURNER to make payments to defendants LATANYA ANDREWS and THELMA LEONARD after obtaining money and property under false and fraudulent pretenses from the FEGLI program.  It was also an object of the conspiracy to conceal the conspiracy itself and the acts committed in furtherance thereof.

## MANNER AND MEANS OF THE CONSPIRACY

The conspiracy was accomplished through the following manner and means:

9.   It was a part of the conspiracy that Defendant PETER R. TURNER would and did falsely and fraudulently designate himself as a beneficiary entitled to receive fifty (50) percent of VM's life insurance benefit on a FEGLI Designation of Beneficiary form, known as an SF 2823.

10.   It was further a part of the conspiracy that defendant PETER R. TURNER would and did cause to be forged the signatures of VM and an authorized official of the human resources office of the DVAMC on the Designation of Beneficiary form.

11.   It was further a part of the conspiracy that defendant THELMA LEONARD would and did sign the Designation of Beneficiary form as a witness to VM's signature without in truth and in fact witnessing VM sign the form.

12.   It was further a part of the conspiracy that defendant LATANYA ANDREWS would and did use her position and authority as a payroll technician within the human resources office of the DVAMC to cause the fraudulent Designation of Beneficiary form to be placed in the official personnel file of VM.

13.   It was further a part of the conspiracy that, following VM's death, defendant PETER R. TURNER would and did submit a false claim for fifty (50) percent of the total FEGLI life insurance benefit that was due and owing to VM's beneficiaries.

14.   It was further a part of the conspiracy that defendant PETER R. TURNER would and did issue a check from a money market account established by the Insurance Carrier payable to defendant LATANYA ANDREWS.

15.   It was further a part of the conspiracy that defendant PETER R. TURNER would and did issue a check from his checking account payable to defendant THELMA LEONARD's spouse, now deceased, for the benefit of defendant LEONARD.

16.   It was further a part of the conspiracy that the conspirators would and did take steps to hide and conceal their role in the conspiracy and the fraudulent claim for life

6

insurance benefits by, among other methods, threatening witnesses and providing false statements to federal investigators and the Grand Jury.

OVERT ACTS

Defendants PETER R. TURNER, LATANYA ANDREWS, and THELMA LEONARD, together with others, committed the following overt acts, among others, in the District of Columbia and elsewhere, in furtherance of the conspiracy:

17.    Between on or about December 8, 2000, and in or about January, 2001, defendant PETER R. TURNER caused the signatures of VM and an authorized agency official from the human resources office of the DVAMC to be forged on a Designation of Beneficiary form containing VM's personal information.

18.    Between on or about December 8, 2000, and in or about January, 2001, defendant LATANYA ANDREWS caused the fraudulent Designation of Beneficiary form to be placed in VM's official personnel file located in the human resources office of the DVAMC.

19.    On or about January 10, 2001, defendant PETER R. TURNER provided to the human resources office of the DVAMC an official claim form, which was necessary to assert a claim for payment of benefits under the FEGLI program.

20.    In or about January, 2001, defendant PETER R. TURNER caused the fraudulent Designation of Beneficiary form to be sent

7

and delivered by private and commercial interstate carrier from the District of Columbia to the FEGLI processing center located in the State of New York.

21.   On or about January 20, 2001, the Insurance Carrier issued a Total Control Account checkbook to defendant PETER R. TURNER, which allowed defendant PETER R. TURNER to access approximately $20,500 in a money market account established by the Insurance Carrier in payment of defendant PETER R. TURNER's fraudulent insurance claim.

22.   On or about February 1, 2001, defendant PETER R. TURNER issued the first check from the Total Control Account checkbook in the amount of $1,000, payable to defendant LATANYA ANDREWS, which defendant LATANYA ANDREWS presented to a financial institution for cash on or about February 7, 2001.

23.   On or about July 16, 2002, defendant PETER R. TURNER issued a check from his personal checking account in the amount of $1,000 to defendant THELMA LEONARD's spouse, now deceased. Defendant THELMA LEONARD's spouse deposited that check in a checking account held jointly with defendant THELMA LEONARD.

24.   On or about October 20, 2004, in the District of Columbia, as part of an official investigation being conducted by the Offices of Inspector General for the Department of Veterans Affairs (VA) and OPM, defendant THELMA LEONARD was interviewed by agents from the VA and OPM.  Defendant THELMA LEONARD provided a

8

voluntary statement.  In her interview, defendant THELMA LEONARD provided false and misleading information, that is, that VM was present when defendant THELMA LEONARD signed the Designation of Beneficiary form as a signature witness.

25.  On or about July 26, 2005, in the District of Columbia, as part of the investigation being conducted by the grand jury, Defendant THELMA LEONARD provided testimony to the grand jury. In her testimony, defendant THELMA LEONARD provided false and misleading information, that is, that VM was present when defendant THELMA LEONARD signed the Designation of Beneficiary form as a signature witness.

26.  On or about November 22, 2005, in the District of Columbia, as part of an official investigation being conducted by the Offices of Inspector General for the VA and OPM, defendant LATANYA ANDREWS was interviewed by agents from the VA.  Defendant LATANYA ANDREWS provided a voluntary statement.  In her interview, defendant LATANYA ANDREWS concealed her role in accepting payment in exchange for causing the fraudulent Designation of Beneficiary form to be placed in the official personnel file of VM, and provided false and misleading information, that is, that the check she received from defendant PETER R. TURNER was a loan that she repaid in February, 2001.

27.  In or about January, 2006, in the District of Columbia, Defendant PETER R. TURNER confronted a witness in the

investigation by the grand jury.  Defendant PETER R. TURNER
stated to the witness words to the effect that he was troubled
about the investigation and, in the old days, would have gone
home to get his guns.

All in violation of Title 18, United States Code,
Section 371.

## COUNT TWO

### Bribery (18 U.S.C. § 201)
### Defendant LaTanya Andrews

28.   The allegations contained in Paragraphs 1 through 27 of
this Indictment are realleged as though fully set forth herein.

29.   On or about February 1, 2001, in the District of
Columbia and elsewhere, defendant

LATANYA ANDREWS,

being a public official, did directly and indirectly, corruptly
demand, seek, receive, accept, and agree to receive and accept a
thing of value personally, that is, payment in the amount of
approximately $1,000 from defendant PETER R. TURNER, in return
for being influenced in the performance of official acts and
being influenced to commit, and aid in committing, and collude
in, and allow a fraud on the United States, that is, causing a
fraudulent FEGLI Designation of Beneficiary form, known as an SF
2823, to be placed in the official personnel file of VM.

10

All in violation of Title 18, United States Code, Sections 201(b)(2)(A) and (B).

## COUNT THREE

### BRIBERY (18 U.S.C. § 201)
### Defendant Peter R. Turner

30.  The allegations contained in Paragraphs 1 through 27 and Paragraph 29 of this Indictment are realleged as though fully set forth herein.

31.  On or about February 1, 2001, in the District of Columbia and elsewhere, defendant

PETER R. TURNER

did directly and indirectly, corruptly give, offer, and promise a thing of value, that is, payment in the amount of approximately $1,000, to defendant LATANYA ANDREWS, being a public official, with intent to influence the performance of official acts and to influence such official to commit and aid in committing, and collude in, and allow, a fraud on the United States, that is, causing a fraudulent FEGLI Designation of Beneficiary form, known as an SF 2823, to be placed in the official personnel file of VM.

All in violation of Title 18, United States Code, Sections 201(b)(1)(A) and (B).

                                        A TRUE BILL

                                        _____
                                        FOREPERSON


                    DATED:              _____

Presented by:

ANDREW LOURIE
Acting Chief
Public Integrity Section


_____
DANIEL A. PETALAS
ANN C. BRICKLEY
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
10th Street and Constitution Ave. NW
Washington, D.C. 20530
(202) 514-1412
(202) 514-3003 (facsimile)