IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 06-026 (CKK) |
| v. ) | |
| ) | |
| PETER R. TURNER, ) | |
| ) | Government's First Motion in Limine and |
| LATANYA ANDREWS, and ) | Memorandum of Law in Support |
| ) | |
| THELMA LEONARD, ) | |
|         Defendants. ) | |
| _____) | |

## GOVERNMENT'S FIRST MOTION IN LIMINE
## AND MEMORANDUM OF LAW IN SUPPORT

The United States of America, by and through its undersigned counsel, respectfully submits this motion in limine and supporting memorandum of law to preclude testimony of defendants Turner and Leonard's medical conditions. The trial of this matter is scheduled to commence July 24, 2006.

Defendant Turner apparently suffers from post traumatic stress disorder, gout, diabetes and other medical conditions. Defendant Leonard apparently suffers from sarcoidosis. The government moves to preclude any evidence of the defendants' medical conditions pursuant to Fed. R. Evid. 402 and 403.

Rule 402 provides that evidence which is not relevant is not admissible. To be relevant, the evidence must have some tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Here, no fact of consequence to the determination of this case is made any more or less probable as a result of either defendants' medical conditions. Therefore, the fact of their medical conditions should be considered irrelevant.

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The D.C. Circuit has held that judges are accorded wide latitude in excluding evidence that poses an undue risk of harassment, prejudice, or confusion of issues or that is marginally relevant. United States v. Whitmore, 359 F.3d 609, 619 (D.C. Cir. 1996). While the D.C. Circuit cautions District Courts to err on the side of allowing evidence when the determination of relevance is a "close call," id., in this case, testimony about the defendants' medical conditions bears no relevance to any issue before the Court. Any such evidence would, however, have the strong potential to unduly prejudice the jury. The defendants' illnesses may cause the jury to sympathize with the defendant for reasons wholly unrelated to the case. Testimony regarding the defendants' illnesses has no bearing on the charges against the defendants, and as such should be precluded.

## CONCLUSION

Based upon the foregoing, the government hereby moves the Court to rule pre-trial that evidence of defendants Turner and Leonard's medical conditions are not admissible pursuant to Federal Rules of Evidence 402 and 403.

Dated: July 7, 2006

Respectfully submitted,

BRENDA K. MORRIS,
Acting Chief


  /s/  Daniel A. Petalas
Daniel A. Petalas
DC Bar No. 467908
Ann C. Brickley
Trial Attorneys
Public Integrity Section
Criminal Division
United States Department of Justice
10th Street and Constitution Avenue, NW
Washington, DC 20530
202-514-1412
202-514-3003 (facsimile)
Dan.Petalas@usdoj.gov

CERTIFICATE OF SERVICE

The undersigned counsel for the government hereby certifies that he caused a true and correct copy of the foregoing to be served upon the following counsel of record by electronic mail at the addresses listed below through the automated electronic case filing system of the Court, this <u>7th</u> day of July, 2006:

James W. Rudasill, Jr., Esq.
717 D. Street, NW, Suite 310
Washington, DC 20004
rudasilljr7@aol.com
Counsel for Peter R. Turner

Nathan I. Silver, Esq.
P.O. Box 5757
Bethesda, MD 20824
nisquire@aol.com
Counsel for LaTanya Andrews

Howard Katzoff, Esq.
717 D. Street, NW, Suite 310
Washington, DC 20004
katzoffh@aol.com
Counsel for Thelma Leonard

    /s/ Daniel A. Petalas
Daniel A. Petalas
Trial Attorney