# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 06-cr-026-03 (CKK) |
| THELMA LEONARD, | ) | |
| Defendant. | ) | |
| ——————————————— | ) | |

**FILED**

**JUL 2 0 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AGREEMENT FOR PRETRIAL DIVERSION

You are charged with having committed an offense against the United States from on or about December 8, 2000 through on or about January 10, 2006 and continuing, in violation of Title 18, United States Code, Section 371, in that you are alleged to have knowingly and willfully entered an agreement to defraud the United States and to commit an offense against the United States in relation to a FEGLI Designation of Beneficiary form purportedly signed by Vester R. Mayo.

It also appears that you are reported to have committed a violation of Title 18, United States Code, Section 1018, by signing that document as a witness to Vester R. Mayo's signature.

By this agreement, you stipulate and agree that between in or about ~~April 1999~~ *late 1998* and on or about January 12, 2001, in the District of Columbia and elsewhere, being authorized by Section 8705(a) of Title 5 of the United States Code to make and give a certificate and other writing, you did knowingly make and deliver as true a writing containing a statement which you knew to be false; that is, you signed as a witness to the signature of Vester R. Mayo, the insured, when you knew that Ms. Mayo had not, in fact, signed the Beneficiary Form.

Upon accepting responsibility for your behavior and by your signature on this Agreement, it appearing, after an investigation of the offense, and your background, that the interest of the

1

United States and your own interest and the interest of justice will be served by the following procedure; therefore:

On the authority of the Attorney General of the United States, by Brenda K. Morris, Acting Chief, Public Integrity Section, United States Department of Justice, prosecution in this District for this offense shall be deferred for the period of 6 months from this date, provided you abide by the following conditions and the requirements of this Agreement set out below.

Should you violate the conditions of this Agreement, the Public Integrity Section may revoke or modify any conditions of this pretrial diversion program or change the period of supervision, which shall in no case exceed eighteen months. The Public Integrity Section may release you from supervision at any time. The Public Integrity Section may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of this Agreement. In this case, the Public Integrity Section will furnish you with notice specifying the conditions of the Agreement which you have violated.

After successfully completing your diversion program and fulfilling all the terms and conditions of the Agreement, no prosecution for the offenses set out on page 1 of this Agreement will be instituted in this District, and the charges against you, if any, will be dismissed.

Neither this Agreement nor any other document filed with the Public Integrity Section as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with any prosecution for the above-described offense.

## General Conditions of Pretrial Diversion

You shall not violate any law (Federal/State/Local). You shall immediately contact your pretrial diversion supervisor if arrested and/or questioned by any law enforcement officer.

2

You shall report to your supervisor as directed and keep him/her informed of your whereabouts.

You shall follow the program and such special conditions as may be described below.

### Special Conditions of Pretrial Diversion

You shall provide complete and truthful cooperation to the Public Integrity Section in its investigation and trial of the matter United States of America v. Peter R. Turner, et al., Case No. 06-cr-026 (CKK). This cooperation shall include, but is not limited to (a) attending debriefing sessions in preparation for providing testimony as may be requested by the United States and (b) providing truthful testimony in the above-captioned proceeding, if requested by the United States.

### Additional Waivers

I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request the Public Integrity Section defer such prosecution. I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the

3

prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this agreement. I further agree that I waive any defense based on the running of the statute of limitations to the dismissal of the original indictment charging me with a violation of 18 U.S.C. § 371, and the filing of an information charging me with a violation of 18 U.S.C. § 1018 (False Writing).

I hereby state that the above has been read and explained to me. I understand the conditions of my pretrial diversion program and agree that I will comply with them.

| | | |
|---|---|---|
| _(signature)_ | _7/19/06_ | BRENDA K. MORRIS, |
| Divertee | Date | Acting Chief |
| | | |
| _(signature)_ | _7/19/06_ | BY: _(signature)_   7/19/06 |
| Defense Attorney | Date | Daniel A. Petalas |
| | | Ann C. Brickley |
| | | Trial Attorneys |
| | | Public Integrity Section |
| _____ | _____ | Criminal Division |
| Chief Pretrial Services Officer | Date | United States Department of Justice |
| | | 1400 New York Avenue, N.W. |
| | | Washington, D.C. 20005 |
| | | |
| _(signature)_ | _7/20/06_ | |
| USPO | Date | |

4