## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. 06 - 026 - 03 (CKK) |
| | ) | |
| | ) | |
| THELMA LEONARD | ) | |

### CONSENT MOTION TO MODIFY CONDITIONS OF RELEASE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

COMES NOW the defendant, Thelma Leonard, through undersigned counsel, and respectfully requests that the Court modify her conditions of release. As grounds for this motion Defendant states as follows:

1. On or about February 16, 2006, Ms. Leonard was arraigned on Count One of the indictment in this case, which charged her with conspiring with Peter Turner and LaTanya Andrews to fraudulently obtain money from the FEGLI program, a group term life insurance program established by the government. Ms. Leonard was released on personal recognizance under the supervision of the Pretrial Services Agency ("PSA"), with the following conditions: 1) report weekly to the Pretrial Services Agency ("PSA"); maintain her current residence; and do not travel outside the D.C. area without prior approval.

2. On or about July 19, 2006, Ms. Leonard entered into a diversion agreement with the government, and appeared in court for a hearing regarding the diversion requirements. As part of the diversion agreement, Ms. Leonard will be supervised by the United States Probation Office until her control date in January 2007. At that time, Ms. Leonard and counsel mistakenly

- 2 -

believed that she would not have to continue to report to the Pretrial Services Agency during the period of the diversion supervision because she would be supervised by the Probation Department. Counsel learned today that until the Court specifically modifies the release conditions previously imposed Ms. Leonard is required to continue to be supervised by the Pretrial Services Agency as well. Counsel was advised that it might not be necessary to have two agencies supervising Ms. Leonard, and that a request for modification might be appropriate under these circumstances.

    3. Wherefore, undersigned counsel is requesting that the Court modify Ms. Leonard's release conditions so that she is no longer required to report to the PSA or obtain permission to travel from the PSA. Instead, counsel is proposing that Ms. Leonard be maintained on personal recognizance with the following conditions: 1) that she comply with the conditions of her diversion agreement; 2) that she report to the Probation Department as directed; 3) that she notify the Probation Department within 72 hours of any change of address; and 4) that she obtain permission from the Probation Department for any travel outside the D.C. area.

    4. Undersigned counsel contacted Daniel Petalas, government counsel assigned to the case, and was authorized to represent that the government does not see a need to have two agencies supervise Ms. Leonard pending completion of her diversion requirements. Therefore, the government agrees that Ms. Leonard should not be required to continue to be supervised by the PSA, and further that Ms. Leonard's release conditions should be modified so that she is on personal recognizance with the conditions requested in this motion.

- 3 -

WHEREFORE, for all the reasons set forth above, and in the interest of justice, the defendant respectfully requests that the Court modify her conditions of release as requested.

Respectfully submitted,

_____
Howard B. Katzoff
717 D Street, N.W., Suite 310
Washington, D.C. 20004
(202) 783-6414
CJA Counsel for Thelma Leonard

**CERTIFICATE OF SERVICE**

I hereby certify that this   16th   day of   August  , 2006, a copy of the foregoing Motion and Points and Authorities were electronically served upon Daniel Petalas, Esquire and Ann Brickley, Esquire, Public Integrity Section, United States Department of Justice, 1400 New York Avenue, N.W., Washington, D.C. 20005.

_____
Howard B. Katzoff